# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

KINGDOM INSURANCE GROUP, :
L.L.C., et al., :
 :
    Plaintiffs, :
 : Civil Action No.
v. : 7:10-CV-85 (HL)
 :
CUTLER AND ASSOCIATES, INC., :
et al., :
 :
    Defendants. :
_____:

## ORDER

    This case has a complicated procedural history, which seems to have caused confusion amongst the parties and the Court as to the status of certain motions.

    This case originated in superior court. The Defendants removed the case to this Court asserting diversity jurisdiction. The case was titled, <u>Kingdom Insurance Group, LLC, et al. v. Cutler and Associates, et al.</u>, 7:09-cv-117. Motions to dismiss and disqualify counsel were filed by the Defendants after they removed the case.

    Later, this Court remanded the case back to superior court finding the requirements for diversity jurisdiction were unsatisfied. The Court did not rule on the motions to dismiss or on the motion to disqualify.

    Back in superior court, the Plaintiffs filed a motion for default judgment, which the superior court denied. Plaintiffs filed a motion to reconsider the order denying default judgment, but the Defendants removed the case again while the motion to

reconsider was pending.[1] The superior court, to this Court's knowledge, did not make a ruling on the motions to dismiss.

Once the case was removed for the second time, this Court assigned the case with a case number. The case number is 7:10-cv-85. When the case was removed for the first time, it was assigned case number 7:09-cv-117.

**A.    Motions Originally Filed In Federal Court**

Defendant Shep R. Cutler has filed a document in this case, 7:10-cv-85, titled "amendment to motion to dismiss"(Doc. 8). In the document he asserts that he is withdrawing one of his arguments from his motion to dismiss. The motion to dismiss he refers to is the motion to dismiss filed in federal court when it was removed to the Court for the first time, case 7:09-cv-117.

The Federal Rules of Civil Procedure Rule 81(c) provides that "after removal, repleading is unnecessary unless the court orders it." In this case, recasting the parties motions originally filed in federal court when the Defendants first removed the case would clarify the disputes at issue. Accordingly, the defendants are ordered to file recast motions to dismiss on or before September 20, 2010, if they wish the Court to consider the motions. The clerk's office is directed to terminate Defendant's Shep R. Cutler's amendment to motion to dismiss (Doc. 8) because it is now moot. Defendant Cutler may file a recast motion to dismiss which leaves out an argument

---

[1] The Defendants removed the case after the Plaintiffs amended their complaint to assert a cause of action exceeding $75,000.

found in his first motion to dismiss.

Any other motions previously filed in case number 7:09-cv-117, but not ruled on by this Court, must also be recast by September 20, 2010, if the party who brought the motion wishes the Court to issue a ruling on it.

### B. Pending Motions filed in Superior Court

Based on the record, the Plaintiffs filed a motion for default judgment in the superior court following remand. The superior court denied the motion. A motion for reconsideration of the superior court's order was pending when the Defendants removed the case.

The rule in the Eleventh Circuit, established in <u>Resolution Trust Corp., v. Bakker</u>, 51 F.3d 242, 245-46 (11th Cir. 1995), is that a party has ten days after the date of removal to challenge a state court or judgment. If the challenge is not filed within ten days, the party waives its right to challenge a removed state court judgment. <u>Id.</u>

It is also true, however, that upon removal "the federal court takes the case up where the State court left it off." <u>Granny Goose Foods, Inc. v. Brotherhood Teamsters & Auto Truck Drivers Local No. 70 of Alameda County</u>, 415 U.S. 423, 436, 94 S.Ct. 1113, 1122-23, 39 L.Ed.2d 435 (1974) (citation and quotations omitted).

In this case, the motion to reconsider was pending prior to case's removal. <u>Bakker</u> is not exactly on point because in <u>Bakker</u> a motion challenging the state

court order was not pending when the case was removed. In contrast, the Plaintiffs' motion to reconsider was pending at the time of the removal. Since the district court takes up the case as it was in state court, the motion for reconsideration is a pending motion before this Court.

To aid the organization of the docket, Plaintiffs, if they wish the Court to consider the motion, are ordered to file the motion for reconsideration on the CM/ECF system no later than September 20, 2010. Doing so will make it clear that the motion is pending.

Defendant United Healthcare Insurance Company does not need to re-file its response (Doc. 9) to Plaintiffs' motion for reconsideration.

**SO ORDERED**, this the 13th day of September, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc