**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **KINGDOM INSURANCE GROUP, LLC, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | **7:10-CV-85 (HL)** |
| | : | |
| **CUTLER & ASSOCIATES, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court is the Plaintiffs' recast motion for reconsideration of the state court's denial of plaintiffs' motion for entry of default judgment (Doc. 14). The motion is denied.

This case is before the Court for a second time. On the first go around, the Defendants removed the case to this Court asserting diversity jurisdiction, but the Court remanded the case after it found the requirements for diversity jurisdiction were not present. The Defendants removed the case for a second time and successfully showed the Court that diversity jurisdiction was present.

This pending motion for default judgment against the Defendant United Healthcare Insurance Company ("United") was originally filed in the Superior Court of Thomas County after the case was remanded. The Plaintiffs asserted that they were entitled to a default judgment against United on the basis that United failed to

file its answer to the complaint.

Prior to remand, the parties moved the Court to approve the parties' agreement for filing answers and briefs in the state court proceedings in the event that the case was remanded. The Court found that it had no authority to provide a binding schedule for the state court proceedings and therefore denied the motion. The Plaintiffs argued in their motion for default judgment that they had no valid agreement as to when answers were due based on this Court's ruling. Since United failed to answer the complaint by the deadline specified by the Georgia Rules of Civil Procedure, United was allegedly in default.

Judge Horkan denied the motion for default judgment. He ruled that the parties entered into a valid briefing schedule agreement in which they agreed to extend the time to file their answers until pending motions to dismiss were resolved. Since there were pending motions to dismiss, Judge Horkan found that United's failure to answer the complaint was not grounds for finding United in default.

The Plaintiffs then filed a motion to reconsider Judge Horkan's ruling. While the motion to reconsider was pending, the Defendants removed the case for the second time to this Court. The Plaintiffs refiled their motion for reconsideration (Doc. 14). United filed its response. (Doc. 9).

Orders of state court are transformed into orders of the federal district court when the case is removed. 28 U.S.C. § 1450. The Court therefore treats Judge Horkan's order as its own. Orders from the district court are not usually overturned

on motions for reconsideration because one of three things must be shown: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (citing Wallance v. Georgia Dep't of Trans., 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006).

Judge Horkan found that United was not in default for failing to answer the complaint. At the time he entered his order, Georgia procedural law applied and under Georgia law, the parties' agreement to extend their time to file answers was valid. The Plaintiffs argue that Judge Horkan should have granted the motion for default judgment because he was bound by this Court's order denying the parties' request to approve their scheduling agreement.

Contrary to the Plaintiffs' view, this Court ruled it lacked the authority to establish a schedule for the parties on remand. It did not rule that the parties could not stipulate to an agreement in state court. Therefore, Judge Horkan was not bound by this Court's order and he did not need to set aside the Court's order before denying the motion for default judgment.

The nature of the parties' agreement and whether the parties complied with their agreement was determined by Judge Horkan. His interpretation was reasonable. Based on these facts, the Court sees no reason to overturn Judge

Horkan's ruling.  Accordingly, the motion for reconsideration (Doc. 14) is denied.

      **SO ORDERED**, this the 31st day of April, 2011.


                       *s/ Hugh Lawson*
                       **HUGH LAWSON, SENIOR JUDGE**

lmc